IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

FEB 1 4 2018

MATTHEW J. DYKMAN
CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>**STEVEN J. ANICHOWSKI,**<br>**JONATHAN J. McGECHIE, and**<br>**TAKUMI NISHIMORI,**<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CRIMINAL NO. 18-468 WJ<br><br>Count 1: 18 U.S.C. § 371: Conspiracy;<br><br>Counts 2 and 3: 22 U.S.C. §§ 2278(b)(2) and 2278(c) and 18 U.S.C. § 2: Illegal Export and Attempted Export of Defense Articles;<br><br>Count 4: 18 U.S.C. § 554(a) and 18 U.S.C. § 2: Smuggling;<br><br>Counts 5 and 6: 18 U.S.C. § 1001(a)(2): False Statements; and<br><br>Count 7: 18 U.S.C. §§ 1956(a)(2)(A) and 2: Money Laundering. |

## I N D I C T M E N T

The Grand Jury charges:

### INTRODUCTORY ALLEGATIONS

At all times relevant to this Indictment:

**A.  Background**

1.    Defendant **STEVEN J. ANICHOWSKI (ANICHOWSKI)** is a dual U.S./Thai citizen.  At all times pertinent to this indictment, **ANICHOWSKI** engaged in the business of procuring, selling, and shipping firearm components, defense articles, and military items directly and through intermediaries to persons in Japan, Taiwan, and Hong Kong using websites and his email and Facebook accounts.  From in or about September 2010 to in or about April 2016, **ANICHOWSKI** resided in Socorro County in the District of New Mexico.

2.    Between in or about January 2014 and in or about August 2016, **ANICHOWSKI** exported and attempted to export defense articles to persons located in foreign countries, including Japan, Taiwan, and Hong Kong.  At no time did **ANICHOWSKI** apply for a license or authorization to ship these items overseas from the U.S. Department of State.  In addition, despite engaging in the business of exporting defense articles, **ANICHOWSKI** has never registered with the U.S. Department of State as required under the Arms Export Control Act, 22 U.S.C. § 2278 *et seq*.

4.    Defendant **TAKUMI NISHIMORI (NISHIMORI)** is a citizen of Japan who was, at all times pertinent to this Indictment, involved in illegally procuring firearm components from **ANICHOWSKI** and others in the United States and elsewhere.  Between in or about January 2014 and in or about August 2016, **NISHIMORI** obtained approximately $222,000 worth of firearm components, defense articles, and military items from **ANICHOWSKI** and others as part of an international network that unlawfully trafficked in approximately $1,000,000 in firearm components, defense articles, and military items.

5.    Defendant **JONATHON J. McGECHIE (McGECHIE)** is a U.S. citizen who at all times pertinent to this indictment resided in Socorro County in the District of New Mexico.  **McGECHIE** engaged in the business of procuring and shipping defense articles to persons.

**B.    The Arms Export Control Act and International Traffic in Arms Regulations**

6.    The export from, and import into, the United States of arms, munitions, weapons, equipment for military use and related components, and the technology to design, build and test such items are strictly controlled and regulated under federal law.

7.    The Arms Export Control Act ("AECA"), 22 U.S.C. § 2278 *et seq*., authorizes the

President of the United States to control the export and import of defense articles and defense services in furtherance of world peace, national security, and the foreign policy of the United States and to establish and maintain a United States Munitions List for that purpose. The President has delegated the authority to regulate the export of defense articles and defense services to the Secretary of State. Pursuant to that authority, the Department of State has promulgated the International Traffic in Arms Regulations, 22 C.F.R. Sections 120-130 ("ITAR"). The ITAR contains the United States Munitions List (the "USML") and regulations governing exports of defense articles and services.

8.     The USML is a list, divided into 21 categories, that identifies the types of items, services, and related technical data that are designated as defense articles and defense services under the AECA. *See* 22 C.F.R. § 121.1.   Items or services that are designated or controlled under any category of the USML "may not be exported . . . without a license" from the Department of State's Directorate of Defense Trade Controls (the "DDTC").

9.     Category I of the USML is entitled "Firearms, Close Assault Weapons and Combat Shotguns." Included under this category of the USML are non-automatic, semi-automatic, and fully automatic firearms having a caliber of .50 (12.7 mm) or less, combat shotguns, weapons having a special military application ("Category I specified weapons"), and components, parts, accessories, and attachments for these weapons. *See* 22 C.F.R. § 121.1 (Categories I(a)-I(d) and Category I(h)).   AR-15 semi-automatic assault rifles, M4 semi-automatic and fully automatic assault rifles, and M16 semi-automatic and fully automatic assault rifles constitute defense articles designated under Category I of the USML. In addition, Categories I(e) and I(g) of the USML specifically identify "sound and flash  suppressors," "barrels, cylinders, receivers (frames), [and] complete breech mechanisms" for Category I specified weapons as defense

3

articles.

10.  Category XII of the USML is entitled "Fire Control, Range Finder, Optical and Guidance Control Equipment."  Included under this category of the USML are "[i]nfrared focal plane array detectors specifically designed, modified, or configured for military use; image intensification and other night sighting equipment or systems specifically designed, modified or configured for military use; second generation and above military image intensification tubes . . . specifically designed, developed, modified, or configured for military use, and infrared, visible and ultraviolet devices specifically designed, developed, modified, or configured for military application[,]" as well as [c]omponents, parts, accessories, attachments and associated equipment specifically designed or modified for" such articles.

11.  At all times material to the Indictment, the following items were designated as defense articles on the USML: (1) upper and lower receivers for AR-15 semi-automatic assault rifles; (2) upper and lower receivers for Ml6 semi-automatic and fully automatic assault rifles; (3) gunstocks for AR-15 semi-automatic assault rifles; (4) barrels for AR-15 semi-automatic assault rifles; (5) barrels for M 16 semi-automatic and fully automatic assault rifles; (6) gas tubes for AR-15 semi-automatic assault rifles; (7) flash suppressors for AR-15 semi-automatic assault rifles; (8) flash suppressors for M16 semi-automatic and fully automatic assault rifles; (9) upper receivers for M4 semi-automatic and fully automatic assault rifles; and (10) bolt carrier groups and charging handles for M16 semi-automatic and fully automatic assault rifles.  Also within the scope of the USML were night-vision dual PVS-14 adapters, night-vision goggle focus enhancement equipment, thermal imaging systems, and rifle scopes. As a result, any person who intended to export these parts from the United States was required to first obtain a license from DDTC.

12.     At no time did defendants **ANICHOWSKI** or **NISHIMORI** obtain a license from the U.S. Department of State to export any defense articles from the United States.

**C.   Falsification of Customs Declaration Forms**

13.     **ANICHOWSKI** exported firearm components, defense articles, and military items overseas using the United States Postal Service ("USPS").  To export any item from the United States using the USPS, individuals are required to complete a Customs Declaration Form 2976-A (Form 2976-A) or a Customs Declaration Form 2976 (Form 2976).  Each of these forms requires the same essential information and certification by the shipper, but the Form 2976-A is longer and provides more space to describe the items being shipped.  In addition, Form 2976-A must be used for any shipment above four pounds or that requires a license.  On Form 2976 and Form 2976-A, senders are required, among other things, to: (1) fully identify themselves (e.g., full name and address) and the recipient of the package; (2) provide "a detailed description of each article" being sent; (3) provide the quantity, net weight, and value in U.S. dollars of each article; (4) provide the total value of the items being shipped in U.S. dollars; and (5) sign and date the form.  By signing this form, senders certify that:

> [T]he particulars given in this customs declaration are correct.  This item does not contain any dangerous article, or articles prohibited by legislation or by postal or customs regulations. I have met all the applicable export filing requirements under the Foreign Trade Regulations.

In addition, the instructions for completion of Forms 2976 and 2976-A indicate that it is the mailer's "responsibility" to inquire about and comply "with export regulations and restrictions."

14.     On numerous occasions between in or about January 2014 and in or about August 2016, **ANICHOWSKI** and others at his direction completed Form 2976 and Form 2976-A for his international shipments using the USPS.  On those forms, **ANICHOWSKI** and others at his direction falsely described the items being shipped, undervalued the parts, and mischaracterized

the end-user information. For instance, **ANICHOWSKI** and others at his direction falsely identified parts shipped to numerous countries, including Japan, Taiwan, and Hong Kong, as being "toys," "BB gun parts," and "toy airsoft parts," rather than actual firearm components. On another occasion, **ANICHOWSKI** directed that a gas block, flash suppressor and flash hider be falsely identified as a "flashlight or something."

Count 1 - (18 U.S.C. § 371 - Conspiracy)

15. Paragraphs 1-14 of this Indictment are hereby re-alleged and incorporated by reference as if fully set forth herein.

**A. The Agreement**

16. From a date unknown to the Grand Jury, but at least from in or about January 2014 and continuing thereafter until at least in or about August 2016 in the District of New Mexico and elsewhere, **STEVEN J. ANICHOWSKI** and **TAKUMI NISHIMORI**, defendants herein, did knowingly conspire, combine, confederate and agree with each other and with others known and unknown to the Grand Jury to knowingly and willfully export and cause the export of defense articles designated under Categories I and XII of the United States Munitions List, to wit: M4 upper receiver assemblies, M4 recoil pads, butt stocks, stock assemblies, rear sights, pistol grips, AR-15 combat trigger guards, handguard accessory packs, AR-15 charging handles, grips, rail panels, forward assist mechanisms, forward assist assemblies, selector switches, sling mounts, gas tubes, gas tube assemblies, gas blocks, AR-15/M-16 ambidextrous magazine release mechanisms, AR-15/M-16 buffer tubes and buffer springs, AR kit ejection port cover assemblies, receiver extensions, AR magazine catch springs, AR-15/M-16 magazine release buttons, muzzle device shim kits, magazine catch plates, flash hiders, piston guides, pistol slides, rifle scopes, weapon mounted lights, aiming lasers, night vision goggle parts and

6

accessories, AN/PVS 14, 15, 18, and 23 night vision goggles amber filters, night vision dual PVS-14 adapters, night vision goggle focus enhancement mechanisms, combat optic tools, PVS-14 night vision goggle weapon mounts, PVS-14 night vision goggle parts kits, and T10-M thermal imaging systems without the required license or written authorization from the United States Department of State having first been obtained for such exports, in violation of 22 U.S.C. §§ 2778(b)(2) and 2778(c), 22 C.F.R. §§ 121.1, 123.1, and 127.1(a), and to fraudulently and knowingly export and send, and cause the export and sending, from the United States, of merchandise, articles and objects, contrary to the laws and regulations of the United States, in violation of 18 U.S.C. § 554(a).

**B.      The Manner and Means**

The manner and means by which the conspiracy was sought to be accomplished included, among other things, the following during the dates of the alleged conspiracy:

17.     It was part of the conspiracy that **ANICHOWSKI** and **NISHIMORI** and others, known and unknown to the Grand Jury, sought to acquire firearm components, defense articles, and military items from U.S. companies knowing that these firearm components, defense articles, and military items would be exported from the United States without obtaining the required licenses from the U.S. Department of State.

18.     It was part of the conspiracy that **ANICHOWSKI** and **NISHIMORI** and others, known and unknown to the Grand Jury, arranged for the purchase and export of firearm components, defense articles, and military items, including defense articles listed in Categories I and XII of the USML, from the United States to foreign countries without first obtaining an export license from the U.S. Department of State.

19.     It was part of the conspiracy that **NISHIMORI** and others, known and unknown

to the Grand Jury, would send money to **ANICHOWSKI**'s PayPal account to cover the cost of the purchase, export, and shipping of firearm components, defense articles, and military items from the United States to foreign countries.  After receipt of the money in his PayPal account, **ANICHOWSKI** and others known and unknown to the Grand Jury, would export the firearm components, defense articles, and military items from the United States to persons for trans-shipment to **NISHIMORI** in Japan.

20.    It was further part of the conspiracy that **ANICHOWSKI** and others, known and unknown to the Grand Jury, falsely described the firearm components, defense articles, and military items end-user information, and the value of the articles being shipped on shipping documents, specifically Customs Declaration Forms 2976 and 2976-A.

C.    **Overt Acts**

In furtherance of the conspiracy, and to effect the objects thereof, **ANICHOWSKI** and **NISHIMORI**, defendants herein, and others known and unknown to the Grand Jury, committed overt acts within the District of New Mexico and elsewhere, including, but not limited to, the following:

21.  On or about March 4, 2014, **NISHIMORI** transferred $350.00 to a PayPal account registered to and controlled by **ANICHOWSKI**.

22.  On or about March 4, 2014, in Socorro County in the District of New Mexico, **ANICHOWSKI** ordered online from Bravo Company an M4 upper receiver, an M4 upper receiver assembly, and a piston guide (USML Category I), directing that these defense articles be shipped to **ANICHOWSKI**'s address in Socorro County in the District of New Mexico.

23.  On or about March 12, 2014, in Socorro County in the District of New Mexico, **ANICHOWSKI** shipped to **NISHIMORI** in Japan a package containing an M4 upper receiver,

8

an M4 upper receiver assembly, and a piston guide.

24.     On or about March 31, 2015, in Socorro County in the District of New Mexico,

**ANICHOWSKI** and **NISHIMORI** bid on a commercial firearms website to purchase

Remington Handguards (USML Category I) for $2,500.00 an a gas block, a muzzle

compensator, and gas tubes (USML Category I) for $700.

25.     On or about April 2, 2015, **ANICHOWSKI** in Socorro County in the District of

New Mexico received a payment on his PayPal account from **NISHIMORI** in the amount of

$2,800.00.

26.     On or about April 4, 2015, in Socorro County, in the District of New Mexico,

**ANICHOWSKI** purchased from an online supplier a gas block, a muzzle compensator, and gas

tubes (USML Category I).

27.     On or about April 4, 2015, **NISHIMORI** directed **ANICHOWSKI** by Facebook

message to send the gas block, muzzle compensator, and gas tubes **ANICHOWSKI** had

purchased to a person in Hong Kong, and also provided **ANICHOWSKI** the person's address,

and also directed **ANICHOWSKI** to declare the items as "toys" with a value under $50.00.

28.     On or about April 9, 2015, in Socorro County in the District of New Mexico,

**ANICHOWSKI** shipped Remington Handguards, a gas block, muzzle compensator, and gas

tubes to a person in Hong Kong.

29.     On or about June 18, 2015, **NISHIMORI** directed **ANICHOWSKI** by Facebook

message to ship PVS-14 parts kits to **NISHIMORI** in Japan directly and "other parts like ar15

parts" to Taiwan for trans-shipment to **NISHIMORI**.

30.     On or between June 18, 2015, and June 22, 2015, in Socorro County in the

District of New Mexico, **ANICHOWSKI** directed an unindicted co-conspirator in California to

9

place an order with a supplier for PVS-14 parts kits and directed that the PVS-14 parts kits be sent to **NISHIMORI** in Japan.

31.     On or about June 21, 2015, **NISHIMORI** made a payment in the amount of $4,100.00 to **ANICHOWSKI** via **ANICHOWSKI**'s PayPal account.

32.     On or about June 21, 2015, **ANICHOWSKI** sent $3,670.00 through PayPal to the unindicted co-conspirator in California.

33.     On or about June 21, 2015, in California, the unindicted co-conspirator ordered from an online supplier PVS-14 parts kits totaling $3,495.00.

34.     On or about June 25, 2015, the unindicted co-conspirator in California shipped to **NISHIMORI** in Japan a parcel containing PVS-14 parts kits.

35.     On or between July 24, 2015, and August 23, 2015, **NISHIMORI** sent **ANICHOWSKI** Facebook messages directing him to purchase gun parts, including Remington handguards.

36.     On or about August 22, 2015, in Socorro County in the District of New Mexico, **ANICHOWSKI** used **McGECHIE**'s online gun parts supplier account to purchase Remington handguards (USML Category I) from an individual for $1,450.00.  The payment was sent from the PayPal account of **ANICHOWSKI** to the PayPal account of an unindicted co-conspirator.

37.     On or about August 23, 2015, **NISHIMORI** transferred $1,600.00 to **ANICHOWSKI**'s PayPal account.

38.     On or about August 23, 2015, **NISHIMORI** sent **ANICHOWSKI** Facebook messages, directing **ANICHOWSKI** to ship the Remington handguards to him through a person in Hong Kong and to declare the Remington handguards as "toy parts under 25usd" on the USPS shipping records.

39.    On or about August 27, 2015, in Socorro County in the District of New Mexico **ANICHOWSKI** shipped a package containing Remington handguards to a person in Hong Kong.

40.    On or around October 31, 2015, **NISHIMORI** sent **ANICHOWSKI** Facebook messages, directing **ANICHOWSKI** to purchase PVS-14 Adapter, Matbock Tarsier Eclipse (USML Category XII), and other night vision goggle ("NVG") equipment, from a supplier.  In these messages, **ANICHOWSKI** and **NISHIMORI** discussed the ITAR designation of the parts.

41.    On or about November 5, 2015, **NISHIMORI** transferred $4,907.00 to **ANICHOWSKI**'s PayPal account.

42.    On or about November 10, 2015, in Socorro County in the District of New Mexico, **ANICHOWSKI** ordered from a supplier night-vision goggle counter weights, night vision adapters, night vision focusing covers, combat optic tools, night vision focus enhancement devices, night vision weapon mounts, and night vision filters (USML Category XII).

43.    On or about December 1, 2015, **ANICHOWSKI** in Socorro County in the District of New Mexico shipped to **NISHIMORI** in Japan a package containing night vision adapters, night vision focusing covers, combat optic tools, night vision focus enhancement devices, night vision weapon mounts, and night vision filters.

44.    On or about January 15, 2016, **NISHOMORI** sent **ANICHOWSKI** Facebook messages directing **ANICHOWSKI** to purchase gas blocks, a handguard screw, and a flash hider.

45.    On or about February 28, 2016, **NISHIMORI** sent **ANICHOWSKI** $784.00.

through **ANICHOWSKI**'s PayPal account.

46.     On or about February 29, 2016, **ANICHOWSKI** ordered a gas block, handguard rail screw, and flash hider from a supplier.

47.     On or about March 7, 2016, **ANICHOWSKI** shipped a parcel containing a gas block, handguard rail screw, and flash hider from San Diego, to **NISHIMORI** in Japan.

48.     On or about June 2, 2016, in Socorro County in the District of New Mexico, **ANICHOWSKI** ordered multiple AR-15 parts from a supplier, including ejection port assemblies, buffer tubes, forward assist assemblies, and gas tubes (USML Category I), at a total cost of $2,760.11, and directed that the order be shipped to an address in California for trans-shipment to Taiwan and further directed that the order be declared on USPS shipping documents as "assorted BB toy airsoft p."

49.     On or about June 13, 2016, and June 14, 2016, **ANICHOWSKI** directed **MCGECHIE** to obtain firearms components, defense articles, and military items and to ship them to Taiwan, and agreed to pay him $100.00

50.     On or about June 15, 2016, a person in Taiwan sent **ANICHOWSKI** two PayPal transactions totaling $2,702.13.

51.     On or about June 17, 2016, **ANICHOWSKI** ordered from a supplier M4/AR-15 parts totaling $2,582.22, including grips, rail panels, sling swivels, end plates, charging handles, compensators, and stock assemblies, and had them shipped to **McGECHIE** in Socorro, New Mexico.

52.     On or about June 23, 2016, **McGECHIE** shipped to a person in Taiwan a package containing ejection port assemblies, buffer tubes, forward assist assemblies, gas tubes, grips, rail panels, sling swivels, end plates, charging handles, compensators, and stock

assemblies.

53.     On or about July 3, 2016, **NISHIMORI** sent **ANICHOWSKI** $300 through PayPal, and **ANICHOWSKI** sent $100 to **McGECHIE** through PayPal.

54.     On or about July 10, 2016, in Socorro County in the District of New Mexico, **ANICHOWSKI** at **NISHIMORI**'s direction ordered M4/AR-15 parts from a supplier totaling $1,698.00, including recoil pads and stocks (USML Category I), and had them shipped to **McGECHIE** in Socorro, NM.

55.     On or about July 10, 2016, **ANICHOWSKI** ordered AM4/R-15 parts from a supplier totaling $1,243.48, including sight kits, pistol grips, handguard screws, a pistol grip, and charging handles (USML Category I), and had them shipped to **MCGECHIE** in Socorro, NM.

56.     On or about August 23, 2016, **McGECHIE** shipped to a person in Taiwan a package containing recoil pads, stocks, sight kits, pistol grips, handguard screws, a pistol grip, and charging handles, and, at **ANICHOWSKI**'s direction, described the items being shipped as "assorted BB gun spare parts" on the Form 2976.

All in violation of 18 U.S.C. § 371 and 18 U.S.C. § 2.

<u>Count 2</u>

57.     Paragraphs 1 through 56 of the Indictment are hereby re-alleged and incorporated by reference as if fully set forth herein.

58.     On or about March 7, 2016, within the District of New Mexico and elsewhere, **STEVEN J. ANICHOWSKI** and **TAKUMI NISHIMORI**, defendants herein, did knowingly and willfully export and attempt to export defense articles designated under the USML, to wit: M4/AR-15 gas block, handguard rail screw, and flash hider (USML Category I), to Japan,

without the required license or written authorization from the United States Department of State having first been obtained for such exports.

In violation of 22 U.S.C. §§ 2778(b)(2) and 2778(c), 22 C.F.R. §§ 121.1, 123.1, and 127.1(a), and 18 U.S.C. § 2.

### Count 3

59.    Paragraphs 1 through 56 of the Indictment are hereby re-alleged and incorporated by reference as if fully set forth herein.

60.    On or about June 23, 2016, within the District of New Mexico and elsewhere, **STEVEN J. ANICHOWSKI** and **TAKUMI NISHIMORI**, defendants herein, did knowingly and willfully export and attempt to export defense articles designated under the USML, to wit: M4/AR-15 ejection port assemblies, buffer tubes, forward assist assemblies, gas tubes, grips, rail panels, sling swivels, end plates, charging handles, compensators, and stock assemblies (USML Category I), to Taiwan, without the required license or written authorization from the United States Department of State having first been obtained for such exports.

In violation of 22 U.S.C. §§ 2778(b)(2) and 2778(c), 22 C.F.R. §§ 121.1, 123.1, and 127.1(a), and 18 U.S.C. § 2.

### Count 4

61.    Paragraphs 1 through 56 of the Indictment are hereby re-alleged and incorporated by reference as if fully set forth herein.

62.    In or about January 2014 to in or about August 2016, in Socorro County in the District of New Mexico and elsewhere, the defendants, **STEVEN J. ANICHOWSKI** and **TAKUMI NISHIMORI**, did fraudulently and knowingly export and send, and did aid and abet one another to export and send, M4/AR-15 parts, PVS-14 night vision goggle parts and

kits and thermal imaging systems from the United States, contrary to the laws of the United States, to wit: 22 U.S.C. §§ 2778(b)(2) and 2778(c), 22 C.F.R. §§ 121.1, 123.1, and 127.1(a).

In violation of 18 U.S.C. § 554(a) and 18 U.S.C. § 2.

<u>Count 5</u>

63.    Paragraphs 1 through 56 of the Indictment are hereby re-alleged and incorporated by reference as if fully set forth herein.

64.    On or about June 23, 2016, within the District of New Mexico and elsewhere, **STEVEN J. ANICHOWSKI**, defendant herein, in a matter within the jurisdiction of the Government of the United States, did knowingly and willfully make a materially false, fictitious and fraudulent statement and representation, which **ANICHOWSKI** then knew to be false, to wit: on a Customs Form 2976, **ANICHOWSKI** described the items he was shipping as a "assorted BB toy airsoft p" when in fact the package **ANICHOWSKI** exported contained M4/AR-15 parts.

All in violation of 18 U.S.C. § 1001(a)(2).

<u>Count 6</u>

65.    Paragraphs 1 through 56 of the Indictment are hereby re-alleged and incorporated by reference as if fully set forth herein.

66.    On or about August 23, 2016, within the District of New Mexico and elsewhere, **JONATHAN J. McGECHIE**, defendant herein, in a matter within the jurisdiction of the Government of the United States, did knowingly and willfully make a materially false, fictitious and fraudulent statement and representation, which **McGECHIE** then knew to be false, to wit: on a Customs Form 2976, **McGECHIE** described the items he was shipping as a "bb gun parts" when in fact the package **McGECHIE** exported contained AR-15 parts.

All in violation of 18 U.S.C. § 1001(a)(2).

Count 7

67.     Paragraphs 1 through 56 of the Indictment are hereby re-alleged and incorporated by reference as if fully set forth herein.

68.     On or April 2, 2015, within the District of New Mexico and elsewhere, **STEVEN J. ANICHOWSKI** and **TAKUMI NISHIMORI**, defendants herein, did transmit and transfer and cause the transmission of funds, that is $2,800.00, from a place outside the United States, that is, Japan, to a place inside the United States, that is, a PayPal, Inc. account, with intent to promote the carrying on of a specified unlawful activity, that is, export control and smuggling violations, to wit, Illegal Export and Attempted Export of Defense Articles, in violation of 22. U.S.C. §§ 2778(b)(2) and 2778(c), and 22 C.F.R. §§ 121.1, 123.1, and 127.1(a)(1), and Smuggling Goods from the United States, in violation of 18 U.S.C. § 554.

All in violation of 18 U.S.C. §§ 1956(a)(2)(A) and 2.

A TRUE BILL:

//S//

_____
FOREPERSON OF THE GRAND JURY

_____
Assistant United States Attorney

02/13/2018 gck

16